825 F.2d 408
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Thomas MARSTILLER, Defendant-Appellant.
 No. 87-7099
 United States Court of Appeals, Fourth Circuit.
 Submitted June 17, 1987.
Decided July 21, 1987.
 
 Thomas Marstiller, appellant pro se.
 Thomas Oliver Mucklow, Assistant U. S. Attorney, for appellee.
 Before RUSSELL, MURNAGHAN and ERVIN, Circuit Judges.
 PER CURIAM:
 
 
 1
 In August, 1986, Thomas Marstiller pled guilty, pursuant to a plea agreement, to one court of conspiracy to distribute cocaine and one count of distribution of cocaine. The district court ordered that Marstiller be released while awaiting sentencing on an unsecured appearance bond in the amount of $50,000 with the condition that he remain in his home quarters. In October, the order was amended to permit Marstiller to travel to and stay at his grandparents' farm and cabin. After sentencing, Marstiller remained free under the same conditions until he voluntarily surrendered to federal authorities in January, 1987. Marstiller later asked the district court to give him credit against his sentence for the time he spent free on bond. The district court denied his motion and we affirm.
 
 
 2
 It is the administrative responsibility of the Attorney General, the Department of Justice and the Bureau of Prisons to compute sentences and apply credit where it is due. It is not the province of the sentencing court. It is only when a prisoner has exhausted his administrative remedies that he becomes entitled to litigate the matter in a district court. Chua Han Mow v. United States, 730 F.2d 1308, 1313 (9th Cir. 1984), cert. denied, 470 U.S. 1031 (1985). The Bureau of Prisons has established an administrative remedy procedure through which an inmate may obtain review of complaints relating to any aspect of his imprisonment. 28 C.F.R. Secs. 542.10-542.16 (1986).
 
 
 3
 Marstiller does not say and the record does not show that he has made any attempt to obtain credit through the administrative remedy procedure for the time he spent on bond. The district court, therefore, lacked jurisdiction to act on Marstiller's motion and properly denied relief.
 
 
 4
 Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the dispositive issues have recently been decided authoritatively.
 
 
 5
 AFFIRMED.